**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMMANUEL LARS BREW, | No. 18-15752 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00681-LJO-EPG |
| v. | |
| DANIEL FEHDERAU, Deputy District Attorney Santa Clara County; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted October 22, 2018[**]

Before:     SILVERMAN, GRABER, and GOULD, Circuit Judges.

California state prisoner Emmanuel Lars Brew appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo a dismissal under 28 U.S.C. § 1915A.  *Resnick v. Hayes*, 213 F.3d 443, 447

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2000). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Brew's DNA evidence claim as barred by the *Rooker-Feldman* doctrine because Brew's claim amounts to a forbidden "de facto" appeal of prior state court orders or is "inextricably intertwined" with those orders. *Cooper v. Ramos*, 704 F.3d 772, 777-79, 781-83 (9th Cir. 2012) (*Rooker-Feldman* doctrine deprives federal district courts of jurisdiction to hear direct and "de facto" appeals from state courts, as well as claims that are "inextricably intertwined" with state court orders challenged in de facto appeals).

Dismissal of Brew's claim challenging the denial of good-time credits was proper because Brew failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion by denying Brew leave to file a second amended complaint because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We reject as without merit Brew's contention that the magistrate judge

18-15752

lacked authority to issue findings and recommendations to dismiss the first amended complaint for failure to state a claim. *See* 28 U.S.C. § 636(b)(1)(B) & (C).

We do not consider matters not distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**